## James E. Farmer, LLC

JAMES E. FARMER *
ALISON MASON HEURICH
MICHAEL A. KLOPFER
PATRICK D. TROXLER *
STEPHANIE L. MADDOX
*Also Admitted D.C.*

MELVIN L. ALLEN, JR.,
*Of Counsel*

JAMES F. FARMER
1940-2016

ATTORNEYS AND COUNSELORS AT LAW
3475 LEONARDTOWN ROAD, SUITE 200
WALDORF, MARYLAND 20601
E-MAIL: LAWYERS@FARMER-LAW.COM

(301) 645-4990 - (301) 843-3890
FAX: (301) 363-9801 - (301) 885-0023

June 9, 2020

**Via ECF**
Judge Paul W. Grimm
United States District Court
For the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, Md 20770

        Re:    <u>Cynthia Gatchell v. John Doe, et al.</u>
                Case No.: 8:19-cv-01649-PWG

Dear Judge Grimm:

      In accordance with your Scheduling Order dated December 19, 2019, I am hereby, on behalf of my client, the Plaintiff, Cynthia Gatchell, setting forth the undisputed factual allegations which I believe justify the filing and granting of a Motion for Partial Summary Judgment regarding liability.

      Specifically, Plaintiff was a customer at Walmart in La Plata, Maryland, on November 25, 2015.  The shopping carts are stored in a cart corral area inside the store, not too far past the sliding door entrance and exit. There are several rows of carts with railings to the left and right of the carts.  Employees stock the carts from the back (area closet to the entrance/exit) and the customers retrieve the carts from the front.   There are no rails in the front or back of the cart corral area.

      On November 25, 2015, Plaintiff was struck by a row of shopping carts.   Specifically, Plaintiff had walked to the front of the cart corral, selected a shopping cart, pulled the shopping cart, placed a drink in the shopping cart, positioned the shopping cart in front of her to begin walking to conduct her business.   She was struck when Daniel Welch, employee of Walmart, attempted to stock shopping carts in the rear of the corral causing them to shoot out of the front, the area Plaintiff was located.

      Daniel Welch is required to keep an eye out for customers when stocking shopping carts and he admits that he did not see the Plaintiff until after the occurrence.   He also states he looked for 60 seconds to assure no customers were in front of the cart corral before pushing the carts into the corral area.   However, a video shows that he did not look for 60 seconds and that

Judge Paul W. Grimm
June 9, 2020
Page 2

he did not look at all, which he confirmed the video showed. Mr. Welch was actually cited by Walmart for discipline as a result of the occurrence for doing his job recklessly.

Mr. Welch was using a cart pusher at the time and is only allowed to move 20 carts or less. The video seems to show he was moving more. This would make sense as he was set to get off of work soon and it was a busy Holiday day. Furthermore, Mr. Welch did not use a horn to indicate to customers that he was nearby and about the push the carts. A horn which is connected to the cart pusher and was at his disposal.

Additionally, Mr. Welch did not take the carts off the cart pusher and manually put the carts into the corral as he is required to do but instead attempted to use the cart pusher to assist in loading the carts into the corral which caused the occurrence. Defendants Corporate Designee confirmed this to be true.

Just as a driver who has the duty to yield is required to see what is there to be seen, Mr. Welch has a duty to observe customers who are in front of the cart corral and to avoid stocking carts while customers are there to avoid harm. He did not see anybody per his own testimony which is a clear violation of his duties. We know Plaintiff was there long enough to be seen because she had to pull a cart, place her drink on it, get the cart in front of her, and then was struck in the back. This is not a situation where she just appeared from now where.

Furthermore, Mr. Welch is not supposed to be using an electronic cart pusher to push the shopping carts into the corral area and he did so, which was confirmed by the Corporate Designee and the video evidence. He is supposed to take the carts off the cart pusher and hand/manually push the carts into the corral area.

In essence, Mr. Welch has violated his duties as a cart pusher including but not limited to the duty to look and see before storing carts in the cart corral, duty to be safe in performing his job, duty to not use the cart pusher to store carts and duty to only move 20 or less carts at a time. Defendant has stipulated that Mr. Welch was an employee acting within the scope of his employment at the time of the occurrence and that he was the one involved in the occurrence. The video is clear. The negligence against Mr. Welch is clear. The Corporate Designee clearly set forth the policies he violated and highlighted it during the deposition. As such, Defendant is liable for the negligent acts of its employee, Mr. Welch, and this matter should proceed on damages only.

Respectfully Submitted,

/s/
Michael A. Klopfer, Esquire

MAK/ebt
cc:    Jennifer Alexander, Esquire (Via ECF)