**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

CYNTHIA GATCHELL                               *

         *Plaintiff*                         *

v.                                             *            Civil Action No. 8:19-cv-01649-PWG

                                            *

JOHN DOE, *et al.*                             *

         *Defendants*                       *

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE PLAINTIFF'S EXPERT OPINION TESTIMONY
PURSUANT TO FED. R. CIV. P. 37(C)(1)**

Defendants Walmart, Inc. and Wal-Mart Stores, Inc. (collectively "Defendants" or "Walmart"), hereby file this memorandum in support of their Motion *in Limine* to preclude Plaintiff Cynthia Gatchell from introducing any expert opinion testimony at trial in this matter, and in support thereof state as follows:

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed this negligence case against Walmart claiming that on November 25, 2015, she suffered an injury at the La Plata Walmart store when shopping carts being pushed into the store's cart corral by a Walmart associate made contact with her backside and legs.  Plaintiff did not fall or drop the beverage she was holding at the time.  *See Deposition of Plaintiff Cynthia Gatchell*, attached as Exhibit 1, 70:6-20, 48:10-12.  As a result of the alleged incident, Plaintiff claims a subjective permanent low back injury with ongoing complaints of pain.  However, subsequent to the incident, she also suffered a motorcycle accident in August 2018, for which she

also treated for back injuries, including physical therapy.  *Id.* at 148:11-153:11.  Two months after

the motorcycle accident, she also had a fall at work when she fell backwards while sitting in a

chair.  *Id.* at 154:9-155:17.

Following removal of this case from the Circuit Court for Charles County, this Court issued

its Scheduling Order on December 19, 2019.  Pursuant to the Scheduling Order, the deadline for

Plaintiff to file her Rule 26(a)(2) expert disclosure was March 2, 2020.  Plaintiff served her Rule

26(a)(2) disclosure on February 28, 2020, designating the following medical experts: orthopedic

surgeon Michael A. Franchetti, M.D. (a non-treating physician), chiropractor Frank Alfano, D.C.,

and two pain management specialists, Arthur P. Barletta, M.D. and Richard James Brouillete, D.O.

*See* Pl.'s Rule 26(a)(2) Disclosure, attached as Exhibit 2.  Included and attached to Plaintiff's Rule

26(a)(2) disclosure was each proposed expert's curriculum vitae.  Plaintiff also provided, for Dr.

Franchetti only, a list of cases in which Dr. Franchetti had provided testimony between August 1,

2014 and September 30, 2018.  Plaintiff did **not**, however, provide any written reports of any

proposed expert, or any of the other information required pursuant to Rule 26(a)(2).  *See id.*  The

failure to comply with the federal rules has significantly prejudiced the Defendants in their case

preparation, strategies, and formulation of defenses.  For the following reasons, Defendants

respectfully request that the Court, in its exercise of discretion, grant Defendants' Motion and

preclude Plaintiff from introducing any expert opinion testimony at trial in this matter and from

introducing any and all medical records and bills into evidence.

## **ARGUMENT**

### I.    **Plaintiff's expert disclosure fails to comply with Rule 26(a)(2).**

Federal Rule of Civil Procedure 26(a)(2)(B) provides: "[A] party must disclose to the other

parties the identity of any witness it may use at trial to present evidence under Federal Rule of

Evidence 702, 703, or 705. . . ."  In addition, and ["u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case.  The report must contain:

> (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)  the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi)  a statement of the compensation to be paid for the study and testimony in the case.

*Id.*  For witnesses for whom a full report is not required, Rule 26(a)(2)(C) requires that the party disclosing the expert provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  Furthermore, "[a] party must make these disclosures at the time and in the sequence the court orders." Fed. R. Civ. P. 26(a)(2)(D).

"Treating physicians are generally considered hybrid witnesses and, thus, their testimony does not require the disclosure of full-fledged expert reports pursuant to Rule 26(a)(2)(B). However, their testimony is subject to the summary disclosure requirements of Rule 26(a)(2)(C)." *Barnes v. Costco Wholesale Corp*., No. CV JKB-18-3377, 2019 WL 3767506, at *2 (D. Md. Aug. 9, 2019) (citations omitted).  In other words, although a full signed report is not required for a treating physician, the party designating the expert must include a summary of the <u>facts and opinions</u> to which he or she will testify.  This requires a summary of the actual opinion, not just the subject matter.  *Id.*

Here, Plaintiff has undeniably failed to comply with the disclosure requirements of Rule 26(a)(2).  First, with regard to Dr. Franchetti, Plaintiff was required to submit a full report, signed by Dr. Franchetti, containing all of the information listed in Rule 26(a)(2)(B), because Dr. Franchetti **never** treated the Plaintiff.  Plaintiff blatantly failed to file any report at all.  The only information provided concerning Dr. Franchetti was his CV and testimony list from August 1, 2014 through September 30, 2019.  Second, with regard to the remaining three designated experts, who were ostensibly treating physicians, Plaintiff was required to comply with Rule 26(a)(2)(C), and provide a summary of the facts and opinions on which each witness will testify.  Plaintiff failed to do so, by only providing the <u>subject matter</u> on which each expert would testify.  A review of Plaintiff's generic expert disclosure does not include any specific opinion on which each expert will testify, but only states generally that each expert "is expected to testify that the lower back injuries, pains and symptoms were caused, **in whole and/or in part** by Ms. Gatchell being struck by the shopping cart."  *See* Ex. 2 (emphasis added).  By offering alternative possible opinions, Defendant is entirely in the dark as to what the witness will say.  Plaintiff goes on to describe generally all other topics the expert will testify on, such as "the reasonableness of costs" or "about how the occurrence caused such injuries" – without stating specifically what the expert's opinion on each point actually is.  Furthermore, Plaintiff provided the exact same generic, boilerplate summary for each expert, despite their different qualifications and backgrounds.  This generic, boilerplate disclosure does not give the defense any insight whatsoever into the actual expert opinion testimony expected to be offered and is plainly not complaint with the mandates of Rule 26(a)(2).  The failure to disclose the expert opinions of these witnesses has negatively prejudiced the Defendants in the preparation of their defenses in this case, including in consulting with and/or retaining experts to rebut the unknown opinions of Plaintiff's expert witnesses.

## II.   <u>Plaintiff's experts should be excluded pursuant to Rule 37(c)(1).</u>

Fed. Rule Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."   This Rule operates as an "automatic exclusion provision" for noncompliance with the Court's scheduling order.  *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (1997).  This rule recognizes that "a judge's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'"  *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc*., 190 F.R.D. 372, 375 (D. Md. 1999) (*quoting Gestetner Corp. v. Case Equipment Co*., 108 F.R.D. 138, 141 (D. Me. 1985).

Courts have time and again recognized that Rule 26 expert disclosures are of utmost importance.  Accordingly, "[a] party that fails to provide [Rule 26] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.  For this reason, an appellate court "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).'"  *Saudi v. Northrop Grumman Corp*., 427 F.3d 271, 278–79 (4th Cir. 2005) (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co*., 318 F.3d 592, 595 (4th Cir. 2003)).  Similarly, the district court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless."  *Southern States*, 318 F.3d at 597.

As explained in *Sullivan v. Glock, Inc.*, 175 F.R.D. 497 (D. Md. 1997), in deciding a motion to exclude experts for failure to submit timely disclosures, the court should be guided by a number of "rules":

> The first rule of reason is that the entire structure of the rules of procedure governing pretrial preparation, expert disclosures under Rule 26(a)(2) and

discovery in general, underscore the need for a fixed period of discovery which ends at a date certain well before trial. Thus, last minute discovery should be strongly discouraged, absent truly exigent circumstances.  Second, there is an important interrelationship between the expert disclosures required by Rule 26(a)(2) and the other forms of discovery which must be recognized by counsel, who are obligated to comply with all of the requirements for each component, or risk the adverse consequences of failing to do so. **Therefore, it is incumbent upon counsel to make full and timely disclosures of information regarding their retained experts, supplement them promptly when required, responsively answer interrogatories directed towards experts, and supplement these answers if warranted. Failure to do so may well result in the exclusion of the testimony of the expert at trial, in whole or in part. The days when counsel may "hide the ball" regarding expert disclosure, and intentionally provide a little, but by no means complete, information about the expected expert testimony are over, and those who continue to do this should not be rewarded for doing so.** Moreover, it is no longer acceptable to wait until the last minute to retain and prepare experts. Counsel must be prepared to provide full and meaningful disclosure and discovery at the times required by the rules of procedure and the pretrial scheduling order.

*Id.* at 506 (emphasis added).  In order to overcome the automatic exclusion provision of Rule 37(c)(1), Plaintiff must persuade the court that her untimely disclosures were either substantially justified or harmless.  In making that determination, the court looks to the following factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Sullivan*, 175 F.R.D. at 507 (*citing Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997)).

In this case, there is no excuse for Plaintiff's failure to provide proper expert disclosures. Plaintiff first filed her Complaint in state court in November 2018 and has had ample time to consult with her experts to determine and disclose their opinions in accordance with the Rules. Defendant is inherently prejudiced by these generic disclosures because it has no insight whatsoever into what each expert will actually testify to in terms of their opinion, beyond mere

generalities, which has prejudiced its ability to properly consult with its own experts or potential experts.  In *Barnes v. Costco Wholesale Corp*., *supra*, this Court excluded experts where the plaintiff made similar generic disclosures, not in compliance with Rule 26(a)(2).  The plaintiff in that case brought suit related to a slip and fall incident inside a Costco store.  In support of her injury claim, the plaintiff disclosed five treating physicians as expert witnesses.  She did not provide any Rule 26(a)(2)(B) reports, claiming that no reports were required because the experts were treating physicians.  The defendant moved to exclude the experts for failure to comply with Rule 26(a)(2).  In granting the motion, this Court explained:

> Barnes's disclosures for P.A. Juhaszova, Dr. Schaefer, Dr. Hill, Dr. Webber, and Dr. Boyd do not contain the information required by Rule 26(a)(2)(C). (See ECF No. 24-2.) She merely provides the same vague description of their testimony: "Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff." (Id. at 1–3.) Barnes's explanation for her cursory disclosures is that these witnesses are not retained experts and their testimony will be limited to facts and observations learned during their treatment of her. (ECF 25 at 2–3.) That may be true. But that does not exempt their testimony from the summary report requirements of Rule 26(a)(2)(C); it excepts it only from Rule 26(a)(2)(B)'s "complete" expert report requirements. See *Ace Am. Ins*., 2012 WL 2523883, at *4; *Daniels v. District of Columbia*, 15 F. Supp. 3d 62, 70 (D.D.C. 2014) ("Thus, if the plaintiff wishes her doctors to testify as to her 'diagnosis and the treatment prescribed,' as she has proffered, that testimony is properly classified as 'expert testimony' and subject to the disclosure requirements of Rule 26(a)(2)(C)."). Because Barnes fails to show that her failure to comply with Rule 26(a)(2)(C) was substantially justified or harmless, the Court will exclude the expert testimony of these witnesses at trial or on a motion pursuant to Rule 37(c)(1).

*Id.* at *2.  In this case, like in *Barnes*, Plaintiff has provided no more than a "vague description" of the anticipated testimony of her experts.  In her boilerplate disclosure, she simply states "about" which treatment or bills the experts are expected to testify, rather than the actual substance of their expert opinions.  Especially given the exceedingly minor nature of the mechanism of Plaintiff's injury coupled with the extended and excessive course of treatment, which gives rise to a complicated medical question for which expert testimony is absolutely required, the defense is

inherently prejudiced by the Plaintiff's generic, boilerplate, and non-compliant expert disclosure. Accordingly, Plaintiff has failed to comply with Rule 26(a)(2) and her experts should be excluded under the automatic exclusion provision of Rule 37(c)(1).

**WHEREFORE**, Defendants Walmart Inc. and Wal-Mart Stores, Inc. respectfully request that Defendants' Motion *in Limine* to Exclude Plaintiff's Expert Opinion Testimony be granted, and for such other relief as this Honorable Court may determine necessary and proper.

Respectfully submitted,

*/s/ Jennifer M. Alexander*
Jennifer M. Alexander
jalexander@mhlawyers.com
Fed. Bar No.:  15222

*/s/ Kelly S. Kylis*
Kelly S. Kylis
kkylis@mhlawyers.com
Fed Bar. No.:  14126

**MCNAMEE HOSEA JERNIGAN KIM
GREENAN & LYNCH, P.A.**
888 Bestgate Road, Suite 402
Annapolis, Maryland 21401
410-266-9909
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 30th day of July, 2020, a copy of the foregoing was electronically filed and served via the Court's CM/ECF Systems upon:

Michael A. Klopfer, Esquire
James E. Farmer, LLC
3475 Leonardtown Road, Suite 200
Waldorf, Maryland 20601
*Attorneys for Plaintiff*

*/s/ Jennifer M. Alexander*
Jennifer M. Alexander, Esquire