IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CYNTHIA L. GATCHELL | : |
| Plaintiff(s) | : |
| vs. | : Case No.: 8:19-cv-01649-PWG |
| | Judge Paul W. Grimm |
| WALMART, INC., et al. | : |
| Defendants. | : |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION IN LIMINE**

**COMES NOW**, Plaintiff, Cynthia Gatchell, by and through her attorneys, Michael A. Klopfer, Esq., and the Law Offices of James E. Farmer, LLC., hereby files this Opposition to Defendant's Motion in Limine and, in support thereof, states as follows:

Plaintiff has made sufficient and timely disclosures of her experts, treating doctors. If Dr. Franchetti, who provided medical treatment to the Plaintiff and developed a doctor-patient relationship, is deemed to be an expert retained for litigation purposes and his report was inadvertently not provided to the Defendant, the factors this Honorable Court considers in determining how to apply its discretion certainly weights in favor of permitting the testimony.

**A: PLAINTIFF MADE MULTIPLE, TIMELY, AND SUFFICIENT EXPERT WITNESS DISCLOSURES**

1. Plaintiff made timely and adequate disclosures of the information required by Fed. R. Civ. P. 26(a)(2), *on several occasions*, prior to the deadline.

1

2. On February 28, 2020, Plaintiff sent Defense a disclosure in which she identified the following doctors, (1) Michael Franchetti, M.D., (2) Frank Alfano, D.C., (3) Arthur Barletta, M.D. and (4) Richard Brouillette, D.O., and, in accordance with the Rules, identified the subject matter the experts will testify to and a summary of the facts and opinions the expert is expected to testify to. (*See Exhibit 1, Plaintiff's Designation of Exert Witnesses*).

3. In each disclosure, it is explained the medical providers are "expected to testify,"

   a. "that the lower back injuries, pains and symptoms were caused, in whole and/or in part by, Ms. Gatchell being struck by the shopping cart"; and,

   b. "about the reasonableness of the costs of the medical treatment including but not limited to, the therapy, the chiropractic treatment, the emergency room treatment, the MRI and diagnostic imaging, the pain management, the injections, and any and all treatment being claimed, about the medical necessity and reasonableness of the medical treatment"; and

   c. "about the specific injuries Plaintiff sustained including but not limited to the disc abnormalities seen on the MRI's and diagnostic imaging, including but not limited to, the L4-L5 disc bulging and tears and the L5-S1 disc bulging (the MRI has been provided to Defense and incorporated by reference) and about the other soft tissue injuries, ligaments, sprains and strains"; and,

   d. "about the permanent nature of the injuries and the impact these injuries will have on [her] for the remainder of her life".

4. As for Dr. Alfano, the disclosure also states he is expected to testify;

   a. "that the lower back injuries, the neck and back injuries, and the pains and

2

symptoms were caused, in whole and/or in part, by Ms. Gatchell being struck by the shopping cart,"

5. The disclosure also explains that the medical experts will be relying upon "all medical records, videos, depositions, photographs, demonstrative evidence, and all other items exchanged during discovery in forming his opinions" and "incorporated by reference all medical records which have been produced and/or otherwise exchanged during discovery."

6. Plaintiff produced the medical reports for each of these doctors in which their findings, diagnosis', physical exams, history and other aspects of what they will be testifying too are contained therein.

7. Plaintiff also supplied the expert's CV's, case list and any other information in its possession.

8. Before her February 28, 2020 disclosures, Plaintiff also disclosed the information required in Fed. R. Civ. P. 26(a)(2) in her Answers to Interrogatories dated February 8, 2019. (*See Exhibit 2, Plaintiff's Interrogatory Responses*).

9. Specifically, Answer to Interrogatory number 5 states;

> Plaintiff intends to call any and all of her treating physicians and may rely upon an independent medical examiner's opinions at the time of trial. Specifically, Plaintiff reserves the right to call Dr. Franchetti, Dr. Frank Alfano, Dr. Arthur Barletta, Dr. Kerry Thompson and all others identified in Plaintiff medical records. Plaintiff's counsel also expects Plaintiff's medical providers will opine that the occurrence was the direct and proximate cause of Plaintiff's injuries including, but not limited to, neck pain and headache, mid and low back pain, sciatic and hip pain, right leg pain and radiating pain to the lower extremity. Specifically, Plaintiff's counsel expects that the medical experts will opine that the MRI of the Plaintiffs lower back demonstrated Plaintiff has disc protrusions with annular tears which are related to the occurrence, that Plaintiff's radiating leg complaints are related to this occurrence and that these symptoms are of a permanent nature and will require future medical treatment as Plaintiff deems necessary given the degree of pain, which could include future therapy, injections,

>medication management and potentially surgery which, over the duration of the Plaintiff's life expectancy could range to $50,000.00 - $100,000.00 or more.   The experts may also give opinions as to whether or not Plaintiff had any preexisting injuries which made Plaintiff susceptible to injuries or which were otherwise exacerbated by the occurrence.   The experts will also give opinions as to the collateral consequence of these permanent injuries including the impact they will have on her other body parts (overcompensation and altered gait due to low back injury leads to knee issues, the lower back injury may affect the surrounding spinal discs, long term pain increases risk of high blood pressure and heart and other related issues, and any and all others).   The experts will also give opinions as to the reasonableness of the medical treatment, the cause of the need for the medical treatment and about the reasonableness of the billing.   The experts may rely upon their own medical records, medical records of other providers, imaging reports, deposition testimony, demonstrative models of the spine, MRI films and blow up versions thereof, and all evidence during trial.

10. On January 6, 2020, in the Disclosure of Damages Statement, Plaintiff again outlines what is being claimed, the treatment being claimed and the injuries being claimed as a result of her being hit by the shopping cart.   Plaintiff actually even breaks down her life expectancy and how she intends to calculate non-economic and economic damages to the jury.   (*See Exhibit 3, Disclosure of Damages*).

11. As demonstrated, Plaintiff has timely and sufficiently disclosed the information required as her experts are treating doctors.

12. The disclosures are specific and are not "boiler plate" disclosures as Defense labels them.   They specifically identify the provider, his area of expertise, the subject matter upon which he will testify, <u>the Plaintiff's specific injuries</u>, and that Plaintiff's injuries were caused by Plaintiff <u>being hit with the shopping carts</u>.   It explains that her injuries include but are not limited to sprains, strains and L4-L5, L5-S1 disc injuries, bulging and annular tears, and that they are permanent injuries.

13. Furthermore, all of their medical records have been provided which Plaintiff

4

incorporated by reference.

14. Plaintiff's counsel is not a medical doctor and cannot provide the exact details of what these treating experts will say. This is why the rules allow for discovery depositions of the doctors. The Parties, and this Honorable Court, during the Phone Conference, actually discussed the taking of expert discovery depositions after the ruling on the Motions for Summary Judgment. We were complimented for being conscious of costs.

15. The Defendant cannot say it is prejudiced by the disclosures as it knows what is being claimed and what the experts will testify to.

16. The disclosures have been so sufficient and through, the Defense's IME doctor, Dr. Riederman address all these things. (*See Exhibit 4, Dr. Riederman's report, redacted for privacy reasons*). One could only naturally assume he was able to address Plaintiff's exact claims because they have been sufficiently identified. He also agrees Plaintiff was injured, but disagrees with the extent of her injures. Since Plaintiff reserved the right to rely upon any and all medical doctors, which included those designated by the Defense, Plaintiff may choose to call him as an expert if she so desires for his partial admissions.

**B:**     **DEFENDANT'S CLAIM IT DID NOT RECEIVE DR. FRANCHETTI'S REPORT**

17. Assuming Dr. Franchetti is considered an expert retained for litigation purposes, Defendant claims it does not have a report from him. (*See Exhibit 5, Report of Dr. Franchetti.*) Plaintiff incorporated the report by reference in the expert disclosure and has not heard any complaints about it missing until Defendant filed this Motion. In the event the report was inadvertently left out, Plaintiff would ask this Honorable Court to use its discretion under Rule 37(c)(1) to not issue any sanctions as any inadvertent non-disclosure of the report is substantially

justified or harmless.

18. The focus of a preclusion inquiry is mainly upon surprise and prejudice, including the opponent's ability to palliate the ill effects stemming from the late disclosure"). Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992) (noting that "S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).

19. Recently, in *Moore*, the Court explained Courts are to "be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the no disclosing party's explanation for its failure to disclose the evidence." *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Moore v. Peitzmeier, No. CV TDC-18-2151, 2020 WL 94467, at 13 (D. Md. Jan. 7, 2020). (quoting S. States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003).

20. Furthermore, quoting *Bresler*, the Court in *Moore* explained that on the one hand, a court may admit evidence that a party failed to disclose adequately where the other party knew that the issue to which the evidence related "was a central issue in the case." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 193 (4th Cir. 2017). On the other hand, a court may exclude undisclosed evidence that "presented an entirely new factual basis" for the offering party's defense. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397-98 (4th Cir. 2014).

21. In *Moore*, the Court denied the Defendants Motion to Strike as the non-disclosure was harmless, there was no unfair surprise and, to the extent there was any, Defendant had the ability to cure it as Plaintiff offered to allow depositions even after the close of the discovery deadline.

Defendant simply decided not to accept the offer and try to strike Plaintiff's witnesses.

22. Applying the factors,

(1) Dr. Franchetti's report and testimony presents nothing new. It's the same as what Plaintiff has been claiming, lower back injuries including sprains and strains, and spinal damage as seen on the MRI, from being hit by the shopping carts. There is no surprise. In fact, Defendant's IME addresses exactly what is being claimed;

(2) If there is any surprise, which again, there is not, there is ample time to cure as there is no trial date yet and discovery depositions have not yet occurred. In fact, at our phone conference with this Honorable Court, in which the Defendant never raised this issue, we discussed that after the Motions we would be conducting discovery depositions of the doctors if the Defendant's Motion for Summary Judgment was denied on liability, which as demonstrated in Plaintiff's Opposition thereto, it ought to be. We were complimented for being conscious of costs;

(3) There will be no disruption of the trial date by allowing the evidence as there is no trial date and the parties already anticipated doing expert discovery depositions;

(4) The evidence is essential as it relates to the damages aspect of Plaintiff's claim in proving the cause, nature and extent of her injuries, which also sheds light on the liability issues (that she was struck in the back by the row of shopping carts). This is what Plaintiff has been claiming the entire time,

7

permanent lower back injuries due to being hit by the shopping carts. Furthermore, the Defendant is presenting its own expert testimony on the exact issues we have been claiming. He will say the disc injuries are not related to the occurrence and the Plaintiff's injuries are minor. Therefore, it is very important for Dr. Franchetti to give his professional opinions to the jury to hear the other side of the coin; and finally,

(4) any inadvertent failure occurred at the start of and during a widespread panic resulting from a national pandemic and resulting in administrative issues such as lack of office support, personnel working remotely, and otherwise allowing for things to be easily overlooked and confused despite us all trying to making best efforts to keep things moving forward in a positive direction;

23. At no point prior to the filing of its Motion did the Defendant say they have not received medical records; nor did the Defense include it as a basis for their Motion in their letter to this Honorable Court.

## **CONCLUSION**

24. The disclosures pursuant to Rule (26)(a)(2) have been provided to Defense, timely and sufficiently, on more than one occasion. They are treating physicians. If Dr. Franchetti's report was inadvertently not provided, and he is deemed an expert retained for litigation, the factors weight in favor of permitting him to testify as there is absolutely no surprise to the Defendant, there is ample time and options to cure any surprise they try to construe as there are no trial dates and discovery depositions have not occurred, and any failure to turn over a report was clearly inadvertent during a very difficult time for our everyone.

8

Therefore, the factors weigh in denying the Defendants Motion in Limine and in favor of permitting Dr. Franchetti to testify.

25. Defense does not hesitate to call the mechanism of injury "exceedingly minor" and continues to try to down play it; however, Walmart ***destroyed/concealed the video tape*** which actually shows the row of shopping carts hitting Ms. Gatchell.   If Walmart tries to claim it never existed, as they seem to do now, that would be in contradiction to what the manager told the Plaintiff the day of the occurrence and the statements in the disciplinary action taken against Mr. Welch. Furthermore, at least from Plaintiff's perspective, such a claim does not pass the smell-test as Defendant wants us to believe there is a blind spot with the camera systems, in the exact location Plaintiff was struck.   This seems a little too convenient.

26. The truth and undisputed facts are she developed swelling and bruising immediately, received an injection the day of the occurrence, and has had ongoing lower back issues since with positive MRI findings discovered within about three weeks of the occurrence.   She has missed significant time from work and has undergone multiple procedures for her back pain. The MRI findings were still present over a year later, as was her pain.   Facts which have been well know to the Defendant for well over a year now.

27. As demonstrated, the Defendant is aware of what is being claimed and what the medical providers will testify to, their own doctor addresses these things.   As such, justice would be best served by allowing Plaintiff's doctors testify.

**WHEREFORE**, Plaintiff asks that this Honorable Court deny the Defendants Motion in Limine and allow Plaintiff's expert to testify.

Respectfully Submitted,

/s/
MICHAEL A. KLOPFER, ESQ. (07172)
Law Offices of James E. Farmer, LLC
3475 Leonardtown Road, Suite 200
Waldorf, Maryland 20601
Mklopfer@farmer-law.com
(301) 843-3890
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of September, 2020, a copy of the foregoing Plaintiff's Opposition to Defendant's Motion in Limine was electronically filed and served via the Court's CM/ECF Systems upon:

Jennifer M. Alexander, Esquire
Federal Bar No.: 1522
MCNAMEE HOSEA JERNIGAN KIM
 GREENAN & LYNCH, P.A.
888 Bestgate Road, Suite 402
Annapolis, Maryland 21401
(443) 837-9800
jalexander@mhlawyers.com
*Attorneys for Defendants*

/s/
MICHAEL A. KLOPFER, ESQ.